E-FILED
Monday, 09 November, 2026 04:11:15 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | | |
|---|---|---|
| **THOMAS POULSEN,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 26-1216** |
| | ) | |
| **JOHN DOE *et al.*,** | ) | |
| **Defendants.** | ) | |

**ORDER**

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court for screening is a Complaint (Doc. 1) filed under 42 U.S.C. § 1983 by Joshua Poe, a Canton, Illinois resident.

## I. Screening Standard

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the complaint, the court accepts the factual allegations as accurate and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## II. Factual Allegations

Plaintiff alleged constitutional deprivations at the Fulton County Jail against Defendant John Doe and Jane Doe. Plaintiff explains that he cracked his tooth while eating breakfast. As a result, Plaintiff sought medical treatment from Defendant nurse Jane Doe, who told Plaintiff that there was nothing she could do for him. Thereafter, Plaintiff filed a grievance and received the same response.

## III. Analysis

To prevail on a claim alleging inadequate medical or dental care, a pretrial detainee must prove three elements: (1) the medical condition is or was objectively serious; (2) the defendant acted purposefully, knowingly, or recklessly concerning the consequences of his actions; and (3) the defendant's actions were objectively unreasonable—that is, not rationally related to a legitimate governmental objective. *Hardeman v. Curran*, 933 F.3d 816, 827 (7th Cir. 2019); *see also Bell v. Blaesing*, 844 F. App'x 924, 925 (7th Cir. 2021) ("[A]s a civil detainee, [the plaintiff] needed to plead only that [the defendant's] care was objectively unreasonable rather than deliberately indifferent.").

The Court concludes that Plaintiff states a Fourteenth Amendment claim against Defendants John and Jane Doe based on their alleged respective responses to Plaintiff's request for dental assistance. However, because the Clerk of the Court cannot affect service of process on a Doe Defendant, Fulton County Sheriff Jon Webb is added as a party solely to facilitate identification of the unknown Defendants. See *Donald v. Cook Cty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996) ("To the extent the plaintiff faces barriers to determining the identities of the unnamed defendants, the court must assist the plaintiff

in conducting the necessary investigation" by "allowing the case to proceed to discovery against high-level administrators with the expectation that they will identify the officials personally responsible.").

**IT IS THEREFORE ORDERED:**

1) **According to the Court's merit review of Plaintiff's Complaint under 28 U.S.C. § 1915A, Plaintiff has alleged enough facts to proceed with a Fourteenth Amendment Access to the Court claim against Defendants John and Jane Doe. Sheriff Jon Webb is added as a party solely to facilitate identification of John and Jane Doe. Plaintiff's Fourteenth Amendment claims proceed in an individual capacity only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

2) **This case is now in the process of service. The Court advises Plaintiff to wait until counsel has entered an appearance before filing any motions to give Defendant Webb notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.**

3) **The Court will attempt service by mailing Defendant Webb a waiver of service. Defendant has sixty days from service to file an Answer. If Defendant has not filed an Answer or appeared through counsel within ninety days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.**

4) **Defendant Webb shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings must address the issues and claims stated in this order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to the answer is necessary or will be considered.**

5) **This District uses electronic filing, which means that after Defendant's counsel has filed an appearance, Defendant's counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendant's counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply**

**to discovery requests and responses. Discovery requests and responses are not filed with the Clerk of the Court. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance, and the Court has entered a scheduling order, which will explain the discovery process in more detail.**

6) **The Court grants Defendant's counsel leave to depose Plaintiff at his place of confinement. Defendant's counsel shall arrange the time for the deposition.**

7) **Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.**

8) **If Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on that Defendant and will require that Defendant pay the full costs of formal service under Federal Rule of Civil Procedure 4(d)(2).**

9) **The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.**

10) **The Court directs the Clerk to attempt service on Defendant Webb under the standard procedures.**

ENTERED November 9, 2026.

s/ *Colleen R. Lawless*

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE